UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br>　　　　　Plaintiff,<br>　　v.<br>ROBERT HUTSELL, et al.,<br>　　　　　Defendants. | Case No.: 1:20-cv-00490-NONE-JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 19) |

Plaintiff seeks default judgment against defendant Jason May (Doc. 19), and the defendant has not opposed this motion. For the following reasons, the Court recommends the motion for default judgment against defendant Jason May be **GRANTED**.

## I.     Procedural History

On April 6, 2020, plaintiff filed its complaint. (Doc. 1.) On April 22, 2020, defendant Jason May was personally served. (Doc. 12.) Defendant failed to file a responsive pleading as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

Upon motion by the plaintiff, the Court entered the Clerk's Certificate of Entry of Default against defendant on June 8, 2020. (Docs. 13, 15.) On July 3, 2020, plaintiff filed the motion now pending before the Court seeking default judgment against defendant Jason May. (Doc. 19.)

## II.    Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is

entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 11 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

### III.   Plaintiff's Allegations

On May 11, 2019, plaintiff insured Robert Hutsell under a homeowner's policy. (Doc. 19-1 at 2.) Under the policy, plaintiff promised to defend and indemnify Robert Hutsell if a claim was made or suit was brought against him for damages because of "bodily injury" caused by an "occurrence." (Id.) The policy defined "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury. (Id.)

On May 11, 2019, Robert Hutsell and Jason May were both attending a concert event at 11917 Ashe Road in Bakersfield, California. (Id.) While at the concert event, Robert Hutsell punched Jason May in the face. (Id. at 3.) On December 27, 2019, Jason May filed a complaint in California Superior

Court for the County of Kern asserting causes of action arising out of the incident, naming Robert Hutsell, The Mendiburu Magic Foundation Against Cancer, and D&E Suburu Family Limited Partnership as defendants. (Id.) Plaintiff alleges that Jason May's damages as a result of the incident were not caused by an "occurrence" as defined in the policy, i.e., an accident, but were caused by Robert Hutsell's deliberate conduct. (Id.) Plaintiff accordingly requests the court enter judgment against Jason May.

**IV.     Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting plaintiff's motions for default judgment.

A.     Prejudice to plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsico, Inc., 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds plaintiff would be prejudiced if default judgment is not granted.

B.     Merits of plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together. See J & J Sports Productions v. Hernandez, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." Pepsico, Inc., 238 F.Supp.2d at 1175 (citing Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996)).

As plaintiff alleges, Jason May's damages as a result of the incident at the concert event, where Robert Hutsell punched Jason May in the face, were not caused by an "occurrence" as defined in the homeowner's policy, i.e., an accident, but were caused by Robert Hutsell's deliberate conduct. (Doc. 19-1 at 3.) Plaintiff alleges that plaintiff has no obligation under the policy to defend or indemnify Robert Hutsell against the claims made in the state court action or otherwise arising from the incident. (Id. at 4.) These factors weigh in favor of entry of default judgment.

C.     Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. See Eitel, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

Plaintiff is not seeking an award of monetary damages in this case. (See Doc. 1.) Thus, this factor weighs in favor of entry of default judgment.

D.     Possibility of dispute concerning material facts

There is no evidence of a genuine issue of material fact because the Court accepts the factual allegations in the complaint as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Notably, the defendants have submitted nothing to contradict them.

The plaintiff served defendant Jason May on April 22, 2020, and the defendant was given ample opportunity to respond to the complaint and to participate in the proceedings. After plaintiff moved for default judgment, defendant still failed to respond. Accordingly, this factor weighs in favor of granting default judgment.

E.     Whether default was due to excusable neglect

The sixth Eitel factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. Eitel, 782 F.2d at 1471-72. Plaintiff properly served defendant Jason May with the summons and complaint, yet defendant made no appearance in this matter and failed to respond to the present motion. There is no suggestion that this failure is due to excusable neglect. See Shanghai Automation Instr. Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect). Thus, this factor also weighs in favor of entry of default judgment because defendant has failed to make any appearance in this case.

F.     Policy favoring decisions on the merits

The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. Eitel, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." Elektra Ent. Group, Inc. v. Crawford, 226

F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given defendant's failure to appear or respond in any way, this factor does not preclude entry of default judgment. Id., at 393.

### V.     Findings and Recommendations

Based on the foregoing analysis, the Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe, 616 F.2d at 1092. Based upon the foregoing, the Court **RECOMMENDS** that plaintiff's motion for default judgment against defendant Jason May be **GRANTED** (Doc. 19).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 2, 2020**                              **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE

5