**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT HUTSELL, et al.,<br><br>            Defendants. | Case No.: 1:20-cv-00490-NONE-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO FILE STATUS REPORT |

On August 7, 2020, the Court granted the joint stipulation to stay the action and ordered that "[w]ithin 120 days and every 120 days thereafter and within 14 days after the criminal case against Mr. Hutsell completes at the trial level, counsel SHALL file a joint report detailing the status of relevant matters and whether the stay should be lifted." (Doc. 23 at 4.) The parties filed a joint status report on December 10, 2020, indicating that the pending criminal case against Mr. Hutsell had not yet resolved. (Doc. 25 at 2.) Another joint status report was to be filed no later than April 9, 2021, however, the parties have failed to comply with the Court's orders.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986).  A court may impose sanctions, including dismissal of an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, **within fourteen days** the parties **SHALL** show cause in writing why sanctions should not be imposed for their failure to comply with the Court's order.  Alternatively, **within 14 days** the parties may file the joint status report.

IT IS SO ORDERED.

Dated:   **April 14, 2021**          \_ /s/ Jennifer L. Thurston
                                     CHIEF UNITED STATES MAGISTRATE JUDGE