UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT HUTSELL, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00490-NONE-JLT<br><br>ORDER LIFTING THE STAY |

Integon National Insurance Company filed a declaratory relief action in this Court, related to insurance coverage regarding an incident on May 11, 2019 at a benefit concert, when Robert Hutsell struck Jason May causing him to suffer injuries. This matter was also related to a criminal action against Hutsell, and the parties stipulated to have this action stayed during the time the criminal action was pending. (Docs. 22, 23.) Now that the criminal action has concluded Integon seeks to have the stay lifted and the parties have filed a joint statement regarding the stay of the action. (See Doc. 34.)

**I.   BACKGROUND AND FACTUAL ALLEGATIONS**

This dispute arises from the insurance coverage issues related to an underlying personal injury action filed in Kern County Superior Court. On December 27, 2019, Jason May filed his complaint alleging causes of action for battery, assault, premises liability, general negligence, intentional infliction of emotional distress, seeking both compensatory and punitive damages for alleged personal injuries against Hutsell, among others. (Doc. 1 at 8-18.) Jason May filed his second amended

1

complaint on July 28, 2021, alleging premises liability, negligent infliction of emotional distress, and general negligence. (Doc. 34 at 33-46, Exhibit 1.) Jason May alleges that on May 11, 2019, while he was attending a benefit concert, Hutsell approached him and while exhibiting signs of being intoxicated, and Hutsell struck Mr. May, causing him to suffer a broken jaw and lose consciousness. (Doc. 34 at 10.)

In the declaratory relief case filed in this Court, Integon seeks an adjudication from this Court regarding whether Integon has a duty to defend or indemnify Hutsell in the pending state court case. (See Doc. 1, Complaint.) Integon's declaratory relief action concerns a homeowner's policy, which extends coverage, including a duty to defend, to Hutsell for claims alleging "bodily injury" caused by an "occurrence." (Doc. 1, Complaint ¶¶ 8-9.) The insurance policy defines "occurrence" as an "accident." (Doc. 1, Complaint ¶ 10.) Integon is seeking an adjudication of its coverage obligations for the underlying state court action filed by Jason May. Integon contends that its coverage does not apply to Hutsell's liability or potential liability in the underlying action "because Jason's May's bodily injuries were not caused by an 'occurrence'" as defined in the Integon policy. (Doc. 1, Complaint ¶¶ 21, 24.)

This matter was also related to a criminal action, and the parties stipulated to have this action stayed during the time the criminal action was pending. (Docs. 22, 23.) Hutsell was criminally prosecuted as a result of Jason May's injuries. Specifically, Hutsell was charged with felony assault with force and great bodily injury under Cal. Penal Code section 245(A)(4) and misdemeanor battery with serious bodily injury under Cal. Penal Code section 243(D). The criminal action concluded when Hutsell pled nolo contendere to the misdemeanor charge and the felony charge was dismissed. (Doc. 34 at 48, Exhibit 2.) Now that the criminal action has concluded Integon seeks to have the stay lifted and the parties have filed a joint statement regarding the stay of the action. (See Doc. 34.)

## II.     LEGAL STANDARD

Under Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), "[w]here a district court is presented with a claim [for declaratory relief], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id. at 495. The

Ninth Circuit has outlined three considerations that primarily inform such a decision: the court "should avoid needless determination of state law issues"; "it should avoid duplicative litigation" and "it should discourage litigants from filing declaratory actions as a means for forum shopping." Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (footnote and citation omitted). In addition, a court may consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." Id. at 1225 n.5 (quoting Am. States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994)).

**III.    DISCUSSION**

These foregoing considerations counsel in favor of the Court lifting the stay and allowing the declaratory relief action to move forward.

First, there will be no needless determination of novel state law issues if the Court exercises jurisdiction. Rather, the Court will interpret the Integon insurance policy, compare it to the material facts involved, and decide whether the policy applies to the state court claims arising out of the concert altercation. (Doc. 34 at 18.) The state court action involves causes of action that do not involve a determination of the same issues of policy coverage, such as Mr. May's claim for premises liability and negligence against Hutsell. (See Doc. 34 at 33-46, Exhibit 1.) Accordingly, the state court action involves causes of action that do not involve a determination of the same issues of policy coverage at issue in the federal declaratory action. See e.g., Mitsui Sumitomo Ins. Co. of Am. v. Delicato Vineyards, 2007 U.S. Dist. LEXIS 34428, at *21 (E.D. Cal. May 10, 2007).

Second, there is no risk of duplicative litigation because the state court case and this federal court declaratory relief case do not involve the same issues and the decision in each will have no bearing on the decision in the other. (Doc. 34 at 20.) Integon alleges that there is no parallel state court proceeding. (Doc. 34 at 18, citing Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196 (9th Cir. 1992) ("if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state

court.").) Neither Hutsell nor Jason May has filed an insurance case in state court involving the same issues to be addressed here. The only state court action is Jason May's state court case for personal injury arising out of the concert altercation. (Doc. 34 at 18.) Additionally, Integon is not a party to the state court case. Accordingly, continuing to stay this case would not "avoid needless determination of state law issues." See Dizol, 133 F.3d at 1225.

Integon's declaratory judgment action is not the result of forum shopping. "This factor is usually understood to favor discouraging an insurer from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." Am. Cas. Co. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999.) Moreover, "[a] declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed 'reactive' litigation." Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1372 (9th Cir. 1991) (overruled on other grounds). However, even when the underlying claims and the federal declaratory judgment action are based on similar facts, the court may find enough differences to conclude that the declaratory judgment action is not reactive. Nat'l Union Fire Ins. Co. v. NVIDIA Corp., 2009 WL 2566719, *5 (N.D. Cal. Aug. 18, 2009).

There is no pending state court insurance coverage action. (Doc. 34 at 20.) Mr. May's state court injury case will not address whether Integon's policy applies; it will address whether Hutsell is liable under state court tort theories and, if so, the amount of that liability. (Doc. 34 at 20.) Integon alleges that the state court's findings will not be binding on this Court's coverage determinations, and this Court's findings will not be binding on the state court's liability and damages findings. (Doc. 34 at 20.) Integon cites to Progressive Cas. Ins. Co. v. Dalton, No. 2:12-cv-00713-MCE-CKD, 2012 U.S. Dist. LEXIS 173423, at *21-24 (E.D. Cal. Dec. 6, 2012), where the court found there was no forum shopping because the threatened state court action involved tort issues of negligence and the federal case involved issues of contract interpretation and insurance. While some of the basic information involved in this declaratory judgment action may overlap with the claims in the underlying state court action, Integon's action regarding coverage issues will raise the subject of policy interpretation and will not adjudicate the underlying action's disputed facts. The Court will examine contract law to

4

interpret the policy's language, and this inquiry is separate from whether Hutsell is liable for the tort claims alleged against him. Furthermore, the state court action between Mr. May and Hutsell will not hinge on the legal findings involved in resolving this declaratory judgment action's coverage questions. Likewise, the underlying action against Hutsell for premises liability, negligent infliction of emotional distress, and general negligence will not resolve coverage questions. "[B]ecause the same issues [would not be] involved in the state court and federal court proceedings," Integon's lawsuit should not be deemed reactive. Am. Nat'l Prop. & Cas. Co. v. Dragonfly Ventures, Inc., 2006 U.S. Dist. LEXIS 36480, at *13-14 (E.D. Cal. June 2, 2006). Therefore, this factor weighs in favor of the Court retaining jurisdiction.

Further considering the factors under Dizol, Integon contends that a judgment here will clarify the parties' legal relations. (Doc. 34 at 20.) Integon alleges that a judgment by this Court for or against Integon may significantly encourage settlement negotiations between the state court litigants because it will clarify the collectability of a state court judgment against Hutsell. (Doc. 34 at 20, citing Dalton, 2012 WL 6088313, *9 (retaining jurisdiction to decide coverage issues useful because it will clarify collectability of judgment under insurance policy).)

Defendants contend that this action should be stayed because Integon is improperly seeking to adjudicate claims that are the subject of the underlying action. (Doc. 34 at 23-27.) According to Defendants, California law is well established that an insurer cannot seek to adjudicate issues adverse to its insured in a separate declaratory relief action while the insured is engaged in defending an underlying action. (Doc. 34 at 24.) However, as Plaintiff argues, there is no basis to stay this declaratory relief case because the Court will not be deciding any issue that will be adjudicated in the state court injury case. (Doc. 34 at 27.) The second amended complaint alleges that Hutsell acted negligently because he was intoxicated, and Integon alleges that Hutsell acted intentionally. However, what is significant in this declaratory relief action is whether Hutsell's act of punching Jason May in the face was deliberate or accidental. The Integon insurance policy limits liability coverage to bodily injury caused by an "occurrence," which is defined by the policy as an "accident." (Doc. 1, Complaint ¶¶ 9-10.) Thus, the declaratory relief action would examine whether Integon has a duty to defend or provide coverage for Jason May's claims by determining whether Hutsell acted accidentally. Integon

alleges that there is no conflicting evidence about whether Hutsell's act of punching Jason May in the face was an accident. (Doc. 34 at 28.) Integon further alleges that Jason May and Hutsell both agree that Hutsell deliberately punched Mr. May in the face, and the fact that Hutsell may have not intended injury or wrongfully assumed he could act in self-defense is irrelevant here. (Doc. 34 at 28-29.) "[W]hen the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 302 (1993).

**IV.     ORDER**

Accordingly, based on the foregoing, the Court **ORDERS**:

1. The stay is LIFTED;
2. The Court sets a mandatory scheduling conference on **November 18, 2021** at 8:30 a.m. and the parties SHALL file a joint scheduling report no later than **November 10, 2021**.

IT IS SO ORDERED.

Dated:   **October 1, 2021**                         _/s/ Jennifer L. Thurston_
                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

6